UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIEGO SEMINARIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>LA PICCOLA LIGURIA, INC., JACK SANTOMAURO, and VICTOR RAIMONDO a/k/a VICTORIO RAYMUNDO,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff Diego Seminario ("Plaintiff"), by and through counsel, alleges upon knowledge as to himself and upon information and belief as to all other matters, as follows:

## 1. NATURE OF THE ACTION

1. This is an action to recover unpaid wages, overtime compensation, unlawfully retained tips, spread-of-hours pay, liquidated damages, statutory damages, prejudgment interest, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), including the Hospitality Industry Wage Order, 12 N.Y.C.R.R. Part 146.

2. Plaintiff worked for Defendants as a non-exempt restaurant employee, including as a busboy and food runner, at La Piccola Liguria in Port Washington, New York.

3. Defendants paid Plaintiff on a tipped basis but failed to pay him for all hours worked and failed to pay lawful overtime compensation for hours over forty in a workweek.

4. Defendants also claimed the benefit of a tip credit while, on information and belief, failing to satisfy the conditions for taking a valid tip credit, including by diverting customer tips to kitchen staff and/or other non-tipped employees and failing to provide proper notices.

5. Defendants further failed to pay spread-of-hours compensation for days in which Plaintiff's workday exceeded ten hours from beginning to end.

6. Defendants issued wage statements that did not accurately reflect all hours worked, all applicable rates, and all wages due.

7. Defendants' violations were willful.

## 2. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

9. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

10. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this District and Defendants conducted business in this District.

## 3. PARTIES

11. Plaintiff was employed by Defendants at La Piccola Liguria, located at 47 Shore Road, Port Washington, New York 11050.

12. Defendant La Piccola Liguria, Inc. is a New York domestic business corporation doing business in Nassau County, New York.

13. At all relevant times, La Piccola Liguria, Inc. was Plaintiff's employer within the meaning of the FLSA and NYLL.

14. Defendant Jack Santomauro, upon information and belief, was an owner, principal, officer, and/or person with operational control over La Piccola Liguria, Inc., including control over payroll, employment practices, and/or working conditions.

15. Defendant Victor Raimondo a/k/a Victorio Raymundo, upon information and belief, was an owner, manager, supervisor, and/or person with operational control over La Piccola Liguria, Inc., including hiring, supervision, scheduling, compensation, and discipline.

16. Upon information and belief, Jack Santomauro and Victor Raimondo were disclosed principals of the on-premises liquor license for the restaurant premises at 47 Shore Road, Port Washington, New York. Their status as disclosed principals of the licensed restaurant premises, together with their ownership and management roles, further reflects that they possessed authority to supervise the conduct of the business, maintain legal compliance at the premises, control restaurant operations, and profit from the restaurant's operations.

17. Upon information and belief, Jack Santomauro and Victor Raimondo were not passive investors or title holders only. Rather, they exercised operational control over significant aspects of the restaurant's actual operations, including matters relating to staffing, service, pay practices, and the lawful operation of the business.

18. At all relevant times, the Individual Defendants exercised control over the terms and conditions of Plaintiff's employment and were employers within the meaning of the FLSA and NYLL.

## 4. FLSA ENTERPRISE AND INDIVIDUAL COVERAGE

19. At all relevant times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

20. Upon information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.

21. Defendants employed two or more employees who handled, sold, or otherwise worked on goods or materials that had moved in interstate commerce.

22. Defendants operated a full-service restaurant serving food and beverages to the public and regularly used supplies, food products, beverages, cleaning products, utensils, equipment, and other goods and materials that moved in interstate commerce.

**23.** Plaintiff regularly handled such goods and materials in the course of his work.

**5. <u>FACTUAL ALLEGATIONS</u>**

24. Plaintiff was hired by Defendants no later than 2010 and remained employed until approximately August 2024.

25. For purposes of this action, Plaintiff seeks FLSA relief for the three-year willfulness period preceding the filing of this action and NYLL relief for the six-year period preceding the filing of this action.

26. During the actionable period, Plaintiff worked as a busboy, food runner, and other front-of-house non-exempt restaurant worker.

27. Plaintiff's duties included cleaning tables, carrying food, running food, assisting service staff, and performing other manual restaurant work.

28. Defendant Victor Raimondo a/k/a Victorio Raymundo hired Plaintiff, supervised him, set his schedule, and paid or directed the payment of his wages.

29. Upon information and belief, Defendant Jack Santomauro also exercised ownership-level and payroll-level control over the business.

30. During at least a substantial portion of the relevant period, Plaintiff typically worked approximately forty-four (44) to forty-six (46) hours per week..

31. During that period, Plaintiff also regularly worked shifts that began and ended more than ten hours apart approximately two (2) times per week.

32. Plaintiff therefore regularly worked more than forty hours in a workweek.

33. Plaintiff also regularly worked days in which the interval between the start and end of the workday exceeded ten hours.

34. Defendants treated Plaintiff as a tipped employee and, on information and belief, paid him using a reduced cash wage while claiming a tip credit.

35. Defendants' wage statements reflected fewer hours than Plaintiff actually worked and did not accurately reflect all straight-time wages, overtime wages, and other wages due.

36. Defendants failed to pay Plaintiff overtime compensation at one and one-half times the applicable rate for hours worked over forty in a workweek.

37. Defendants failed to pay Plaintiff spread-of-hours compensation for qualifying days.

38. Defendants also diverted some customer tips, including tips left by customers picking up food and/or tips from large parties, to kitchen staff and/or other non-tipped employees.

39. Because Defendants diverted tips to non-tipped employees and/or otherwise failed to satisfy statutory prerequisites, Defendants were not entitled to claim a valid tip credit.

40. As a result, Defendants failed to pay Plaintiff all minimum wages and overtime wages due.

41. By failing to provide Plaintiff with accurate wage notices and accurate wage statements, Defendants deprived Plaintiff of information needed to determine his correct regular rate, correct overtime rate, allowances claimed, hours credited, wages paid, and whether Defendants were lawfully taking a tip credit.

42. The absence of compliant notices and accurate statements concealed Defendants' underpayments, hindered Plaintiff's ability to assess whether he was being paid lawfully, delayed his realization of the full extent of Defendants' wage-and-hour violations, and impaired his ability to complain, demand correction, and seek full payment while still employed.

43. Had Defendants provided compliant wage notices and accurate wage statements, Plaintiff would have used that information to assess whether he was being paid correctly, challenge the unlawful pay practices sooner, and seek full payment of wages in a timely fashion.

44. Defendants did not act in good faith and knew, or recklessly disregarded, that their pay practices violated the FLSA and NYLL..

45. These pay practices were part of Defendants' regular payroll and compensation practices and affected Plaintiff and, upon information and belief, other similarly situated non-exempt employees.

## 6. COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff brings the First Cause of Action as a collective action under 29 U.S.C. § 216(b) on behalf of himself and all similarly situated non-exempt employees who worked for Defendants during the applicable FLSA limitations period.

47. The proposed FLSA collective includes, but is not limited to, busboys, food runners, servers, and other non-exempt restaurant workers.

48. Defendants maintained common compensation policies and practices affecting Plaintiff and similarly situated employees, including failure to pay all overtime wages, improper use of a tip credit, and inaccurate recording of hours worked.

49. The similarly situated employees are readily identifiable from Defendants' records.

## 7. CLASS ACTION ALLEGATIONS

50. Plaintiff brings the Second through Fifth Causes of Action as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all similarly situated non-exempt employees employed by Defendants in New York during the applicable NYLL limitations period.

51. The proposed Rule 23 class is so numerous that joinder is impracticable.

52. There are questions of law and fact common to the class, including whether Defendants failed to pay lawful wages, overtime, spread-of-hours pay, and lawful statements.

53. Plaintiff's claims are typical of the claims of the class.

54. Plaintiff will fairly and adequately protect the interests of the class.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## 8. <u>CAUSES OF ACTION</u>

### 8.1. <u>FLSA Unpaid Minimum Wages and Overtime</u>

56. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

57. Defendants were employers within the meaning of the FLSA.

58. Defendants failed to pay Plaintiff minimum wages and overtime wages required by 29 U.S.C. §§ 206 and 207.

59. Defendants were not entitled to claim a valid tip credit.

60. Defendants' violations were willful.

61. Plaintiff is entitled to recover unpaid wages, unpaid overtime, liquidated damages, attorneys' fees, and costs under the FLSA.

### 8.2. <u>NYLL Unpaid Minimum Wages and Overtime</u>

62. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

63. Defendants failed to pay Plaintiff minimum wages and overtime wages required by the NYLL and the Hospitality Industry Wage Order.

64. Defendants were not entitled to claim a valid tip credit under New York law.

65. Plaintiff is entitled to recover unpaid wages, unpaid overtime, liquidated damages, prejudgment interest, attorneys' fees, and costs.

**8.3. <u>NYLL Unlawful Retention and Diversion of Tips / Invalid Tip Credit</u>**

66. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

67. Defendants unlawfully retained, diverted, distributed, or caused to be distributed customer tips to ineligible employees, including kitchen staff and/or other non-tipped employees.

68. Defendants thereby forfeited any entitlement to claim a tip credit and are liable for all resulting wage underpayments and tip damages allowed by law.

**8.4. <u>NYLL Spread-of-Hours Pay</u>**

69. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

70. On days when Plaintiff's workday exceeded ten hours from beginning to end, Defendants were required to pay Plaintiff an additional hour of pay at the basic minimum hourly wage.

71. Defendants failed to do so.

72. Plaintiff is entitled to recover spread-of-hours pay, liquidated damages, prejudgment interest, attorneys' fees, and costs.

**8.5. <u>NYLL Wage Statement Violations</u>**

73. NYLL Wage Statement Violations

74. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

75. Defendants failed to furnish Plaintiff with accurate wage statements reflecting, among other things, all hours worked, all applicable rates, allowances claimed, and all wages earned, in violation of NYLL § 195(3).

76. These violations were not merely technical. They deprived Plaintiff of information necessary to determine whether he was being paid lawfully, concealed the nature and extent of Defendants' underpayments, delayed Plaintiff's ability to detect and challenge those underpayments, and hindered Plaintiff's ability to obtain full payment of wages in a timely fashion.

77. Plaintiff is entitled to statutory damages, attorneys' fees, and costs under NYLL § 198.

### 8.6. NYLL Wage Notice Violations

78. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

79. Plaintiff was not provided a compliant wage notice at the time of hiring or re-hiring, Defendants are liable under NYLL § 195(1).

80. Plaintiff is entitled to statutory damages, attorneys' fees, and costs under NYLL § 198.

## 9. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Certifying this action as an FLSA collective action and authorizing notice to similarly situated employees;

B. Certifying this action as a Rule 23 class action for the NYLL claims;

C. Awarding unpaid minimum wages, unpaid straight-time wages, unpaid overtime wages, unlawfully retained tips, and unpaid spread-of-hours compensation;

D. Awarding liquidated damages under the FLSA and NYLL;

E. Awarding statutory damages for wage statement violations and, if supported, wage notice violations;

F. Awarding prejudgment interest to the extent permitted by law;

G. Awarding reasonable attorneys' fees and costs;

H. Awarding such other and further relief as the Court deems just and proper.

**10. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 26, 2026
Astoria, New York

Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
Phone: 718-269-2243
CTucker@SaccoFillas.com

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

TO: JACK SANTOMAURO and VICTOR RAIMONDO a/k/a VICTORIO RAYMUNDO

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of LA PICCOLA LIGURIA, INC. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
March 26, 2026

SACCO & FILLAS LLP

By: */s/ Clifford Tucker*
Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
*Attorneys for Plaintiff*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: LA PICCOLA LIGURIA, INC.

PLEASE TAKE NOTICE, that Plaintiff and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
March 26, 2026

SACCO & FILLAS LLP

By: *___/s/ Clifford Tucker___*
Clifford Tucker, Esq.
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102
Tel: 718-269-2243
Fax: 718-679-9660
ctucker@saccofillas.com
*Attorneys for Plaintiff*

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: Diego Seminario

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor Astoria, NY 11102

Signature/Firma: Diego Ivan Seminario Duran (Mar 25, 2026 16:42:04 EDT) Date/Fecha: ____________________